UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAHLL BOUDREAUX,

                                CASE NO. 2:10-CV-11404
        Plaintiff,        JUDGE VICTORIA A. ROBERTS
                                MAGISTRATE JUDGE PAUL J. KOMIVES

v.

YOLANDA MENDOZA,

        Defendant,

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS (Doc. Ent. 7)**

**I.**      **RECOMMENDATION:** The Court should enter an order requiring defendant Mendoza to show cause why this case should not be remanded to state court. Alternatively, the Court should grant defendant's motion for summary judgment and motion to dismiss (Doc. Ent. 7).

**II.**      **REPORT:**

**A.**      **Boudreaux's State Court Criminal Case**

On October 29, 2007, Jamahll Boudreaux was sentenced for June 15, 2007 offenses of Mich. Comp. Laws §§ 750.84 ("Assault with intent to do great bodily harm less than murder."), 750.317 ("Second degree murder; penalty.") and 750.227b ("Carrying or possessing firearm when committing or attempting to commit felony; "law enforcement officer" defined."). *See* Case No. 07-011048 (Wayne County); www.michigan.gov/corrections, "Offender Search."

On June 6, 2008, he filed a delayed application for leave to appeal. On October 1, 2008, the Michigan Court of Appeals denied the delayed application for leave to appeal. On November 7, 2008, Boudreaux filed an application for leave to appeal with the Michigan

Supreme Court. On February 24, 2009, the Michigan Supreme Court denied the application for leave to appeal the Michigan Court of Appeals' October 1, 2008 order. *People v. Boudreaux*, No. 137636, 483 Mich. 895, 760 N.W.2d 477 (2009); Case No. 285837 (Mich. App.).

**B.     Boudreaux's Requests for Documents**

On or about July 19, 2009, plaintiff wrote to Judge Fresard's court clerk,[1] including a motion for a free copy of all documents and transcripts on the record. Doc. Ent. 1 at 13-16. On or about August 4, 2009, plaintiff wrote to attorney David R. Cripps to request documents to pursue post-conviction relief. Doc. Ent. 1 at 17-18. By a letter dated August 11, 2009, attorney Cripps provided Boudreaux with documents. Doc. Ent. 1 at 23.

By letters dated August 20, 2009, plaintiff wrote to attorney Cripps, requesting transcripts (Doc. Ent. 1 at 19-20) and to Judge Fresard's court clerk to follow up on the requests presented in his letter sent on July 20, 2009 (Doc. Ent. 1 at 21-22). By a letter to Boudreaux dated August 25, 2009, attorney Cripps stated that he was never given a copy of the trial court transcripts and suggested that Boudreaux contact either his appellate counsel or the Appellate Division of the Wayne County Circuit Court, Criminal Division. Doc. Ent. 1 at 24.

In a letter dated September 3, 2009, Boudreaux made a third request to Judge Fresard's Court Clerk, accompanied by a motion for a free copy of all transcripts on the record. Doc. Ent. 1 at 25-28. On or about September 28, 2009, Boudreaux sent a follow up letter to Judge Fresard's Court Clerk. Doc. Ent. 1 at 29-30.

**C.     Complaint for Mandamus**

---

[1] Judge Patricia P. Fresard is located in the Wayne County Circuit Court. *See* www.michbar.org, "Member Directory."

Boudreaux originally filed this case as a Complaint for Mandamus in state court. Case No. 10-224-AW (Ingham County Circuit Court), Doc. Ent. 1 at 5-10 (Complaint for Mandamus), 11-30 (Appendices), 31-32 (Motion for Taxation and Costs). It is dated February 25, 2010 and appears to have been filed on February 26, 2010. Doc. Ent. 1 at 10, 32; Doc. Ent. 6 at 9.

On March 9, 2010, plaintiff served this matter upon defendant by mail. Doc. Ent. 6 at 4. It appears that on March 24, 2010 and on March 31, 2010, state filing fees were paid from plaintiff's prisoner trust account. Doc. Ent. 6 at 10-11.

On April 8, 2010, defendant Yolanda Mendoza removed the case to this Court. Doc. Ent. 1 at 1-3.[2] On May 6, 2010, defendant Mendoza filed an answer to the complaint. Doc. Ent. 3. Therein, defendant stated that "to the extent plaintiff alleges that he contacted defendant but defendant ignored or otherwise did not respond to his requests, the same is denied." Doc. Ent. 3 at 2 ¶ 6.

Judge Roberts noticed this case for a June 24, 2010 scheduling conference. Doc. Ent. 4. However, on June 18, 2010, Judge Roberts cancelled the conference and referred this case to me to conduct pretrial matters. Doc. Ent. 5. Boudreaux is currently incarcerated at the MDOC's St. Louis Correctional Facility (SLF).

**D.    Pending Motion for Summary Judgment by Defendant**

Currently pending before the Court is defendant's November 9, 2010 motion for summary judgment (Doc. Ent. 7). Therein, defendant argues that (A) "Plaintiff Has Failed To

---

[2]The Court issued a notice that the filing fee had not been paid. Doc. Ent. 2. On April 12, 2010, defendant paid the $350.00 fee for notice of removal.

State A Claim Against Defendant Because Defendant Is Entitled To Quasi-Judicial Immunity[,]" and (B) "There is No Genuine Issue Of Material Fact that Defendant, Mendoza, had no involvement in receiving or responding to Plaintiff's document requests." Doc. Ent. 7 at 8-10. Attached to this motion is the October 2010 affidavit of Yolanda Mendoza, Wayne County Clerk's Office. Doc. Ent. 7-1.

On December 2, 2010, I entered an order setting a December 22, 2010 deadline for a response. Doc. Ent. 8. To date, plaintiff has not filed a response.

**E.     Analysis**

**1.     The Court should enter an order requiring defendant Mendoza to show cause why this case should not be remanded to state court.**

In his state court complaint for mandamus dated February 25, 2010, plaintiff requested that the Court require Mendoza to provide plaintiff with a copy the record/transcripts in Case No. 07-011048 (Wayne County). Doc. Ent. 1 at 6. Plaintiff specifically mentioned his intention to pursue post-conviction relief under the Michigan Court Rules governing postappeal relief. M.C.R. §§ 6.501-6.509 (Subchapter 6.500). Doc. Ent. 1 at 7 ¶ 6.

Specifically, plaintiff cites M.C.R. 6.433 ("Documents for postconviction proceedings; Indigent Defendant"), specifically Subsection 6.433(B) ("Appeals by Leave."). Plaintiff contends that Mendoza's failure to respond is contrary to M.C.R. 6.433(B)(1),(2) and deprives him of his right to prepare a proper defense, citing due process under the Michigan Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Doc. Ent. 1 at 8-9.[3] Also, Boudreaux set forth the following requests for relief: (1) a court order requiring Mendoza

---

[3]These assertions were the bases of defendant Mendoza's notice of removal. Doc. Ent. 1 at 1-3 ¶¶ 2, 3.

4

to provide a copy of the record/transcripts in his criminal case and (2) if he prevails, an order granting his motion for taxation of costs to reimburse "all monies expended by him to pursue this action." Doc. Ent. 1 at 9-10.[4]

Along with a letter dated March 16, 2010, Judge Fresard's law clerk enclosed copies of several documents Boudreaux had requested, as well as a copy of his entire Circuit Court file. Doc. Ent. 6 at 6. Along with a letter dated March 25, 2010, Judge Fresard's law clerk enclosed a copy of the transcript from Boudreaux's August 10, 2007 hearing in Case No. 07-011048. Doc. Ent. 6 at 7.

On July 14, 2010, plaintiff filed an amendment (Doc. Ent. 6 at 1-2) to his original pleading in this matter, to which he attaches several appendices (Doc. Ent. 6 at 3-12). In this filing, plaintiff explains that his complaint for mandamus was intended to allege that defendant was not complying with the Michigan Court Rules. Doc. Ent. 6 ¶ 1. Plaintiff claims he has been granted the first part of the relief he sought; however, he seeks to be granted the second part. Doc. Ent. 6 at 2 ¶ 5.

Plaintiff's July 14, 2010 amended prayer for relief requests that his motion for taxation and costs be granted, "whereby Plaintiff will be [reimbursed] a sum [certain] of $150.00 which was incurred as a filing fee for filing the COMPLAINT FOR MANDAMUS [Doc. Ent. 6 at 9-12]." Doc. Ent. 6 at 2.[5]

---

[4]Attached to the complaint for mandamus was a motion for taxation and costs, wherein he specifically seeks reimbursement of the $150.00 filing fee if he prevails in his complaint for mandamus. Doc. Ent. 1 at 31-32.

[5]When plaintiff filed his complaint for mandamus in the state court in February 2010, he paid $49.98 of the $150.00 filing fee; in other words, there was an outstanding amount of $100.02. Doc. Ent. 6 at 9. It appears that the remainder was paid on March 24, 2010 and March 31, 2010. Doc. Ent. 6 at 10-11.

5

As noted above, defendant Mendoza has filed a motion for summary judgment on the bases of quasi judicial immunity and lack of personal involvement. However, plaintiff's July 14, 2010 filing explains that he did not intend for his Complaint for Mandamus "to be interpreted as a claim asserting a constitutional violation." Doc. Ent. 6 at 1 ¶ 1. It was intended to compel Mendoza to comply with the Michigan Court Rules. Doc. Ent. 6 at 1 ¶ 2. For this reason, the Court should enter an order requiring defendant Mendoza to show cause why this case should not be remanded to state court.

**2.    Alternatively, the Court should grant defendant Mendoza's Motion for Summary Judgment and Motion to Dismiss.**

**a.**    If the Court disagrees with this recommendation, then it should consider defendant Mendoza's motion for summary judgment and motion to dismiss. Defendant's motion is based on Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and Fed. R. Civ. P. 56(c) (no genuine issue of material fact). Doc. Ent. 7 at 1.

Fed. R. Civ. P. 12(b)(6) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted[.]" However, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Fed. R. Civ. P. 56 provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a). "[T]he plain language of [this rule] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**b.** First, defendant argues that "Plaintiff Has Failed To State A Claim Against Defendant Because Defendant Is Entitled To QuasiJudicial Immunity." Doc. Ent. 7 at 8-9. It is defendant's position that "a Court Clerk performing a judicial function is entitled to quasi-judicial immunity." Doc. Ent. 7 at 4.

In support of this argument, defendant cites *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.") (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)[6] and *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.") (citing cases); *Id.* at 418 ("Clerk Walsh enjoyed absolute immunity from suit in connection with the issuance of the arrest warrant[.]").

---

[6]In *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), the United States Supreme Court acknowledged the Seventh Circuit's decision in *Scruggs* as providing absolute immunity to court reporters, *id.* at 432 n.3, but concluded that "court reporters do not exercise the kind of judgment that is protected by the doctrine of judicial immunity[,]" *id.* at 437.

Furthermore, defendant relies upon this Court's decision in *Yarbrough v. Garrett*, 579 F.Supp.2d 856 (E.D. Mich. 2008) (Battani, J.). In *Yarbrough*, Judge Battani stated that my "finding that Defendant is entitled to quasi-judicial immunity was not erroneous." *Yarbrough*, 579 F.Supp.2d at 860. Citing *Foster* and *Bush*, Judge Battani found that "mailing transcripts to indigent prisoners so that they can appeal their convictions is a truly judicial act. Thus, Defendant is entitled to quasi-judicial immunity." *Id.* (internal quotations and citation omitted). Furthermore, she stated:

> The Court notes that this finding is supported by the Sixth Circuit's determination that a prisoner's complaint seeking monetary damages from two court clerks whom the prisoner alleged had failed to provide him with requested copies of previous filings and transcripts was properly dismissed on the basis of quasi-judicial immunity. *Lyle v. Jackson*, 49 Fed.Appx. 492, 494 (6th Cir.2002). In addition, a decision in another case against this Defendant recently found that this Defendant's act of allegedly failing to provide requested transcripts was covered by quasi-judicial immunity. *See Walthall v. Garrett*, No. 07-13117, 2008 WL 440648 (E.D.Mich.2008).

*Id*.

Defendant Mendoza attests that she is a "Court Clerk for the County of Wayne[,]" and "[a]t all times relevant to this lawsuit, [she] was assigned to the courtroom of the Honorable Judge Patricia A. Fresard." Doc. Ent. 7-1 ¶¶ 1, 2. As I noted in my report and recommendation in *Yarbrough*, *Lyle* "supports the conclusion that Garrett [Wayne County Clerk] is entitled to quasi-judicial immunity with respect to transcript requests." *Yarbrough*, 579 F.Supp.2d at 874; *see also Lyle*, 49 Fed.Appx. at 494 ("Lyle sought monetary damages from two court clerks whom he alleged failed to provide him with requested copies of previous filings and transcripts. The complaint was properly dismissed as to these defendants on the basis of quasi-judicial immunity.") (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir.1988)). I also noted that in

8

*Walthall*, "this Court found that Garrett was entitled to quasi-judicial immunity with respect to the plaintiff's transcript request." *Yarbrough*, 579 F.Supp.2d at 874; *Walthall v. Garrett*, No. 2:07-CV-13117-DPH-CEB, 2008 WL 440648, *2 (E.D.Mich. Feb. 14, 2008) (Hood, J. order accepting report and recommendation of Binder, M.J.) ("Defendant Garrett, the Wayne County Clerk, is entitled to quasi judicial immunity. *See Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir.1988). Plaintiff contends that Defendant Garrett acted outside the exercise of her functions with deliberate indifference, and alleges various acts of wrongdoing by the county clerk, ranging from malfeasance and fraud, to nonfeasance. This Court finds that Defendant Garrett's quasi judicial immunity encompasses the alleged wrongdoing of not furnishing the 1986 transcripts in question in this case, as that function is not outside the scope of her employment as a matter of law.").

For the reasons stated in *Lyle*, *Walthall* and *Yarbrough*, the Court should conclude that defendant Mendoza - a Court Clerk for the County of Wayne - is entitled to quasi-judicial immunity with respect to plaintiff's claims regarding Mendoza's "alleged failure to provide [plaintiff] with a copy of his court records so that he could appeal his convictions." Doc. Ent. 7 at 9.

**c.**     Second, defendant contends that she "had no personal involvement in the conduct [of which] [p]laintiff complains[.]" Doc. Ent. 7 at 4. Defendant argues that "[t]here is no genuine issue of material fact that defendant, Mendoza, had no involvement in receiving or responding to plaintiff's document requests." Doc. Ent. 7 at 9-10. Within this argument, Mendoza cites *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (regarding supervisory liability) and *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("Defendants Crosley, Hambrick, Henry, Miner and

9

Luttrell argue that they were not involved in Shehee's termination from his commissary job and that their only roles in this action involve the denial of administrative grievances or the failure to act; thus, they cannot be liable under § 1983. We agree.").

According to Mendoza, "[t]he responsibility of processing post-trial requests for documents related to appeals and other matters is handled by Judge Fresard's law clerk, Ms. Hames." Mendoza claims she has "no personal involvement in handling such requests." Doc. Ent. 7-1 ¶ 7. Furthermore, Mendoza attests that "[a]side from the information that I have become aware of as a result of this lawsuit, I have no personal knowledge of Plaintiff's criminal case and had no personal involvement in any of the alleged conduct claimed by Plaintiff in his Complaint." Doc. Ent. 7-1 ¶ 8. Also, she states, "[s]pecifically, I have no personal knowledge of the Plaintiff's alleged request for copies of the criminal transcript or other court documents in his criminal case, and no personal knowledge of Plaintiff's post-conviction motions, attempts at appeals, or requests for documents related to those attempts." Doc. Ent. 7-1 ¶ 9. Finally, she states that she "did not authorize, approve or direct anyone in [her] office to act or refrain from acting with respect to Plaintiff's requests for documents or Plaintiff's motions, including post-conviction motions or requests related to his criminal conviction." Doc. Ent. 7-1 ¶ 10.

I note that plaintiff has produced evidence of letters/motions mailed to Judge Fresard's court clerk dated July 19, 2009 (Doc. Ent. 1 at 13-16), August 20, 2009 (Doc. Ent. 1 at 21-22), September 3, 2009 (Doc. Ent. 1 at 25-28) and September 28, 2009 (Doc. Ent. 1 at 29-30), apparently to no avail. Also, it is not clear what happened to these letters. However, I note that plaintiff was supplied with the requested documents by Judge Fresard's law clerk during March

2010 (Doc. Ent. 6 at 6-7) - shortly after the February 2010 filing of his complaint for mandamus in Ingham County Circuit Court.[7]

Nonetheless, even though plaintiff's complaint for mandamus is verified (Doc. Ent. 1 at 10), plaintiff has not challenged the representations in defendant's affidavit (Doc. Ent. 7-1) - namely that she is not personally involved in handling post-trial requests for documents or that she had no personal involvement in the conduct alleged by plaintiff in his complaint (Doc. Ent. 7-1 ¶¶ 7-8). Therefore, the Court should conclude that there is no genuine issue of material fact that defendant Mendoza had no personal involvement "in the conduct of which plaintiff complains, namely failing to provide him documents related to his post-conviction appeal," and is therefore entitled to judgment as a matter of law. Doc. Ent. 7 at 9-10.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[7] The signatures on these letters are not legible; therefore the Court cannot determine whether the letters were signed by Ms. Hames, who defendant Mendoza identifies as Judge Fresard's Law Clerk. Doc. Ent. 7-1 ¶ 7.

*Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Ko mives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 4/14/11

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on April 14, 2011.

s/Eddrey Butts  
Case Manager
